UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
PEOPLE OF NEW YORK,                                          :
:
:
Plaintiff,                          :
:                            26-cv-267 (LJL)
-v-                                             :
:                         MEMORANDUM &
YEHUDA MILCHAMOT,                                   :                              ORDER
:
Defendant.                           :
:
-----------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/14/2026
```

LEWIS J. LIMAN, United States District Judge:

Defendant Yehudah Milchamot ("Milchamot") noticed a removal of his criminal case from the Supreme Court, County of Bronx on January 8, 2026.  Dkt. No. 1.  It is not the first time that Milchamot has sought relief in this district on the basis of his ongoing criminal proceedings.  *See New York v. Milchamot*, 2024 WL 5119327 (S.D.N.Y. Dec. 16, 2024).

"The ability to remove a criminal action to federal court is limited."  *Bey v. New York*, 2023 WL 4548340, at *2 (S.D.N.Y. July 5, 2023).  "A defendant removing a criminal action to a federal court has the burden of establishing that such case is within the federal court's removal jurisdiction."  *Queens Cty. Criminal Court, Inc. v. Alexandria*, 2025 WL 3761877, at *1 (S.D.N.Y. Dec. 30, 2025) (citing *Gonzalez v. Clark*, 2019 WL 6878546, at *1 (S.D.N.Y. Dec. 16, 2019)).  Federal courts, when analyzing underlying civil and criminal actions, are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), and "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal [of a criminal case] should not be

permitted, the court shall make an order for summary remand," 28 U.S.C. § 1455(b)(4).

Removal by a criminal defendant from state court is permissible only where the defendant was a federal officer or member of the armed forces charged with actions taken under the color of office, 28 U.S.C. §§ 1442, 1442a, or if the defendant "is denied or cannot enforce in court of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1).

Milchamot does not allege that he is a federal officer or a member of the armed forces being prosecuted for actions taken under color of office.  He also does not allege that he cannot enforce in the State court proceeding a right to equal civil rights that have been denied him.  Under 28 U.S.C. § 1443(1), a defendant may only remove his case to federal court on that basis if he satisfies a "two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'proving for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*  "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the state.'" *Id.* (quoting 28 U.S.C. § 1443(1)).  That is, the provision "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 803).  Milchamot has made neither showing. *See, e.g., Torres v. New York*, 2024 WL 22088, at *2 (S.D.N.Y. Jan. 2, 2024).

Milchamot also has not complied with the procedural requirements for the removal.  The

2

notice of removal does not plead facts showing that it was filed within 30 days of arraignment.

Because the notice of removal does not allege a proper basis for removal and does not comply with the procedural requirements for removal, the action must be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).[1]

The Clerk of Court is respectfully requested to close the case.

SO ORDERED.

Dated: January 14, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Plaintiff also cites to 28 U.S.C. § 1455 in his notice of removal as a basis for jurisdiction.  That statute does not give this Court jurisdiction because it is about the procedure for removing criminal proceedings to federal district court.